# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LE'BARRON GRAY, | ) | CASE NO. 1:10-cv-00357 LJO  GSA PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS THAT APPEALS COORDINATOR BE |
| v. | ) ) | DISMISSED |
| DR. ULIT, et al., | ) ) | OBJECTIONS DUE IN THIRTY DAYS |
| Defendants. | ) ) / | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**II.     Plaintiff's Claims**

This action proceeds on the December 6, 2010, first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Men's Colony in San Luis Obispo, brings this civil rights action against the following defendants: the CDCR; Wayne Ulit, a physician employed by the CDCR at Corcoran State Prison; an unidentified Appeals Coordinator. The events that give rise to this lawsuit occurred while Plaintiff was housed at Corcoran State Prison.

Plaintiff alleges that from April 2, 2008, Dr. Ulit was "made aware" of a painful retinal tear

in Plaintiff's left eye. Plaintiff alleges facts, liberally construed, indicating that Dr. Ulit waited 70 days to respond to Plaintiff's condition. (Am.Compl. ¶ IV.) A "serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Clement v. Gomez, 298 F.3d 898, 904-905 (9th Cir. 2002). The Court finds that, liberally construed, Plaintiff states a claim for relief against Dr. Ulit on his Eight Amendment claim.[1]

### A. Appeals Coordinator

Plaintiff alleges that "the Appeals Coordinator's office for CDCR at CSP Corcoran prohibited to file Plaintiff's grievance under emergency procedure for medical treatment." (Am . Compl. ¶ IV.) Plaintiff does not identify the Appeals Coordinator, and fails to allege any facts indicating that this person knew of and disregarded Plaintiff's condition. An allegation that Plaintiff, in his view, needed emergency treatment is insufficient to hold the Appeals Coordinator liable. Generally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). In this instance, the Appeals Coordinator considered Plaintiff's request made via the appeals process and denied it on the ground that Plaintiff's medical needs did not warrant the relief sought. There is no basis presented for imposing liability because there is no factual support for a claim that the Appeals Coordinator acted with deliberate indifference to a substantial risk of harm to Plaintiff.

### III. Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it states a claim for relief against Dr. Ulit on Plaintiff's Eighth Amendment claim. As to Plaintiff's claim regarding the Appeals Coordinator, the Court recommends that this claim be dismissed without leave to amend. Plaintiff has been advised of the defects in this claim, and has failed to correct them. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's claims regarding the Appeals Coordinator be dismissed.

---

[1] By separate order, the Court is directing Plaintiff to complete and return service documents for service upon Dr. Ulit.

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
3  after being served with these findings and recommendations, any party may file written objections
4  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
6  and filed within ten days after service of the objections.   The parties are advised that failure to file
7  objections within the specified time waives all objections to the judge's findings of fact.  See Turner
8  v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may
9  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.

12  **Dated:    December 17, 2010**          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE