# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CURTIS LE'BARRON GRAY,                    1:10-cv-00357-LJO-GSA-PC

        Plaintiff,

    vs.                                    ORDER DENYING PLAINTIFF'S MOTION
                                          FOR RECONSIDERATION
DR. ULIT, et al.,                         (Doc. 16.)

        Defendants.
_____/

## I.       BACKGROUND

Curtis Le'Barron Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.   On February 14, 2011, Plaintiff filed a motion for reconsideration of the undersigned's order of February 4, 2011 which adopted the Magistrate Judge's findings and recommendation to dismiss the Appeals Coordinator as a defendant to this action based on Plaintiff's failure to state a claim.  (Doc. 16.)

## II.      MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks

and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the Magistrate's findings and recommendation should not have been adopted, because Plaintiff states a claim against the Appeals Coordinator.  Plaintiff argues that the Appeal Coordinator was deliberately indifferent because he failed to review Plaintiff's medical chart and conduct a proper investigation before deciding not to process Plaintiff's grievance as an emergency.  In the findings and recommendations, the Magistrate Judge determined that Plaintiff's allegation – that the Appeals Coordinator denied Plaintiff's request for emergency treatment on the ground that Plaintiff's medical needs did not warrant the relief sought, does not support a claim that the Appeals Coordinator acted with deliberate indifference.  Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 14, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   May 24, 2011**              **/s/ Lawrence J. O'Neill**
                                UNITED STATES DISTRICT JUDGE