# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LE'BARRON GRAY,<br><br>  Plaintiff,<br><br>  vs.<br><br>DR. ULIT, et al.,<br><br>  Defendants.<br>_____/ | 1:10-cv-00357-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT ULIT<br>(Doc. 27.) |

## I.   RELEVANT PROCEDURAL HISTORY

Curtis Le'Barron Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the First Amended Complaint filed by Plaintiff on December 6, 2010, against defendant Dr. Ulit ("Defendant"), for inadequate medical care in violation of the Eighth Amendment. (Doc. 9.)

On March 3, 2011, the Court issued a Discovery/Scheduling order establishing a deadline of May 3, 2011 for the parties to file an unenumerated Rule 12(b) motion ("12(b) Motion"). (Doc. 18.)  The deadline has passed, and no party has filed a 12(b) Motion. (See Court Docket.)

On June 2, 2011, Plaintiff filed a motion for entry of default against Defendant. (Doc. 27.) Plaintiff's motion is now before the Court.

## II.   PLAINTIFF'S MOTION

Plaintiff argues that the Court should impose sanctions on Defendant under Local Rule 110, and enter default against Defendant under Rule 55, for Defendant's failure to file a 12(b) Motion before the expiration of the deadline in the Court's Discovery/Scheduling Order.

1  Local Rule 110, which provides that "[f]ailure ... of a party to comply with ... any order of
2  the Court may be grounds for imposition by the Court of ... sanctions," does not apply in this
3  instance, because there is no *requirement* for Defendant to file a 12(b) motion. The Court's deadline
4  in the Discovery/Scheduling order establishes the latest date when Defendant *may* file the motion,
5  if he so wishes, but Defendant is not required to file a 12(b) Motion. Therefore, Defendant's failure
6  to file a 12(b) Motion is not a failure to comply with a court order, and Defendant is not subject to
7  sanctions under Local Rule 110.

8  Rule 55 also does not apply in this instance. Under Rule 55, entry of default is appropriate
9  for a Defendant who has failed to serve an Answer or other responsive pleading after being served
10 with the summons and complaint, "or, if [the Defendant] has timely waived service under Rule 4(d),
11 within 60 days after the request for a waiver was sent." See Fed. R. Civ. P. 55(a). Here, the waiver
12 of service was sent on January 11, 2011, Defendant waived service on February 24, 2011, and
13 Defendant filed an Answer on March 2, 2011. (Docs. 17, 19.) Therefore, Defendant is not subject
14 to entry of default, and Plaintiff's motion shall be denied.

**III.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for entry of default, filed on June 2, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **March 9, 2012**          /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

2